**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 06-109T** |
| | ) | |
| **FERNEL TORRES** | ) | |

## MOTION TO DISMISS

Now comes Fernel Torres, by and through his counsel, and moves this Honorable Court to Dismiss the above captioned indictment. In support of this motion Mr. Torres asserts that he is entitled to citizenship pursuant to 8 U.S.C. 1432((a). As a result his indictment for violation of 8 U.S.C. 1326(a) and (b)(2) cannot be sustained. Further argument may be found in the accompanying Memorandum of Law.

Respectfully submitted
Fernel A. Torres
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

## CERTIFICATION

I hereby certify that I electronically filed and served a copy of the within on Sandra Beckner, AUSA on the 2nd day of January, 2007

/s/ Mary S. McElroy

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 06-109T** |
| | ) | |
| **FERNEL TORRES** | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

The defendant Fernel Torres, by and through his counsel, has moved this Honorable Court to dismiss the indictment in the above captioned case.. This Memorandum of Law is filed in support of that Motion.

**ARGUMENT**

The defendant asks that this Honorable Court dismiss the indictment in the above captioned case. Mr. Torres has raised a claim of derivative citizenship. As Mr. Torres alleges that he is a citizen pursuant to 8 U.S.C. 1432(a), a charge against him brought under 8 U.S.C. 1326(a) and (b)(2) alleging that he is an alien who has illegally reentered this country cannot be sustained.

**1. <u>The Court has the Authority to hear this motion pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure</u>**

This Court has the authority to hear this motion and to grant Mr. Torres a dismissal of the charges against him pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure (herinafter "The Federal Rules"). Rule 12(b)(2) of the Federal Rules provides that "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed R. Crim P. 12(b)(2).

In this case the question of whether or not Mr. Torres is a citizen of the United States is a question of law that can be decided without a trial on the general issue. The general issue in the case

brought by this indictment would be whether or not Mr. Torres is an alien who illegally reentered the United States after being deported.

The facts surrounding the claim of derivative citizenship are not in dispute. Mr. Torres was born in El Salvador on January 3, 1980 and entered the United States as a young child in 1984. Mr. Torres registered for Temporary Protected Status with the INS on February 27, 1991. On February 27, 1992, at the age of 12, he was admitted to the United States as a Lawful Permanent Resident. It is also undisputed that Mr. Torres' mother became a United States citizen on August 4, 1997 at which time the defendant was 17 years old and residing with his mother. At the time she became a citizen of the United States the defendant's mother was still legally married to but not physically residing with the defendant's father who was not and is not a citizen of the United States.

The sole issue for the court to determine is whether the defendant's parents were legally separated within the meaning of 8 U.S.C. 1432[1] as a result of the defendant's father being convicted of child molestation on March 21, 1996 and being ordered to serve a term of imprisonment. Fernel Torres' father was arrested on a warrant in California in late 1995 and returned to Rhode Island to face charges of first degree child molestation. He was held in custody from late 1995 until his plea of nolo contendere on March 21, 1996. As a result of his plea he continued in the custody of the State of Rhode Island while serving a sentence of four years incarceration. He never resided with the defendant or his mother again after his arrest in late 1995.

It is also undisputed that Mr. Torres' mother sought and received a divorce from the Rhode Island Family Court on May 3, 1999. (A copy of the final divorce decree is attached to this memorandum). As part of the court findings in the 1999 divorce decree the judge of the family court made a finding that Mr. Torres' parents had been separated since 1995.

**<u>2. This Court has the authority to determine whether or not Mr. Torres is a citizen</u>**

______Although this court cannot review Mr. Torres' final order of removal it does have the

[1] 8 U.S.C. 1432 has since been repealed. Under the current Child Citizenship Act of 2000 the defendant would have achieved citizenship as a result of his mother becoming a citizen regardless of the legal status of his father or of his parent's marriage.

authority to determine whether he is an alien or a citizen. See; 8 U.S.C. Section 1252, Hughes v. Ashcroft, 255 F.3d 752 (9th Cir. 2001), Barthelemy v. United States, 329 F.3d 1062 (9th Cir. 2003).

Mr. Torres motion does not constitute a collateral attack on his deportation proceeding. One of the elements of the charge against Mr. Torres that the government must prove beyond a reasonable doubt is that he is not a citizen of the United States. If he is in fact a citizen of the United States by operation of 8 U.S.C. Section 1432(a), the government will, as a matter of law be unable to sustain its charge against Mr. Torres.

**3. Mr. Torres meets the requirements of 8 U.S.C. 1432(a) for derivative citizenship**

8 U.S.C. 1432(a) granted citizenship to certain classes of children whose parents became naturalized citizens. Under the law that was in operation in 1997 when Mr. Torres' mother became a citizen Mr. Torres has achieved derivative citizenship. The law in effect at the time provided that:

> A Child born outside of the United States of alien parents...becomes a citizen of the United States upon fulfillment of the following conditions:
>
> (1) The naturalization of both parents; or
>
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents...; and if
>
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
>
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization fo the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or
>
> thereafter begins to reside permanently in the United States while under the age of eighteen years.

Mr. Torres was seventeen years old and legally residing in the United States with his mother at the time she became a citizen of the United States. See Ms. Torres' Certificate of Naturalization, a copy of which is attached to this memorandum.

______Mr. Torres' father was already incarcerated at the Rhode Island Adult Correctional Institution at the time that Ms. Torres became a citizen. See the Docket Sheet for State of Rhode Island v. Fernel Torres, P1/92-0097A attached to this memorandum.

**4. Under Rhode Island law RIGL section 15-5-3 Mr. Torres parents were separated from the time of his father's incarceration.**

______Section 15-5-3 of the Rhode Island General Laws provides in part that if "in the trial of any petition for divorce from the bond of marriage or any petition for dissolution of a marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least three (3) years, whether voluntarily or involuntary, the court ***shall***, upon a finding that the allegation is true, enter a judgment pending final judgment of divorce..." Rhode Island law treats parties who are living apart for any reason for three years as if they have been legally separated for purposes of divorce.

In the case of Mr. Torres, his parents resided separately from the time of his father's arrest in late 1995 until their divorce in 1999. During that time it was the legal intervention of the State of Rhode Island that caused the separation of Mr. Torres' parents. The incarceration of the senior Mr. Torres caused the separation that lead to the ultimate divorce of Mr. Torres' parents.

The final divorce decree makes a finding that Mr. Torres parents "separated in November of 1995". See Attached Final Judgment in Maria C. Torres v. Fernel A. Torres, FC No. P98-2541.

## CONCLUSION

Because he has met all of the requirements of 8 U.S.C. 1432(a) Mr. Torres is a derivative citizen of the United States. As a result of his citizenship, a prosecution under 8 U.S.C. 1326(a) and 8 U.S.C. 1326 (b)(2) cannot be sustained.

Respectfully submitted
Fernel A. Torres
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Sandra Beckner, AUSA on the 2nd day of January, 2007

/s/ Mary S. McElroy