UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. Cr. No. 06-109-T

FERNEL ANTONIO TORRES GRANADOS

**MEMORANDUM AND ORDER**

ERNEST C. TORRES, Senior United States District Judge.

The defendant has moved, pursuant to Federal Rule of Criminal Procedure 12(b)(2), to dismiss his indictment for illegal reentry in violation of 8 U.S.C. §§1326(a) and (b)(2). The issue presented is whether the defendant is entitled to derivative citizenship under 8 U.S.C. §1432(a), which requires this Court to determine whether the defendant's parents were "legally separated" before his eighteenth birthday. Because this Court answers the question in the negative, the motion to dismiss is denied.

**Background Facts**

The defendant was born in El Salvador on January 3, 1980, to Fernel A. Torres ("Fernel") and Maria Granados ("Maria"). Fernel and Maria had married in 1978 and were citizens of El Salvador. The defendant entered the United States in 1984 and resided with his mother until after January 3, 1998, when he turned eighteen years old.

Fernel was arrested in Rhode Island sometime in 1991 and

charged with first degree child molestation. Ultimately, he was convicted and incarcerated from January 16, 1996, until April 13, 1999. On August 4, 1997, when the defendant was seventeen years old and while Fernel was in prison, Maria became a naturalized citizen of the United States.

On November 5, 1998, Maria filed for divorce, and the Rhode Island Family Court entered a final judgment of divorce on May 3, 1999, on grounds of "irreconcilable differences." The divorce decree included a finding that "[t]he parties separated in November of 1995."

On February 11, 1998, the defendant was convicted of domestic assault. Later, on January 21, 1999, the defendant was convicted of possession of a stolen motor vehicle and, as a result, he was deported on June 12, 1999.[1]

The indictment in this case charges the defendant with being an alien who unlawfully re-entered the United States on September 19, 2006, after having previously been deported.

The defendant has moved to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2), on the ground that he is not an alien because he has derivative citizenship under 8 U.S.C. §1432(a). The Government has objected and argues that the

[1] R.I. Gen. Laws §12-12-22 requires Rhode Island judges to give notice of immigration consequences, including deportation, to alien defendants prior to accepting a plea of nolo contendere. However, this requirement did not become effective until July 20, 2000, after the court accepted the defendant's nolo pleas.

defendant is not entitled to derivative citizenship because his parents were not "legally separated" before the defendant reached the age of eighteen, as required under the statute. The parties agree that an evidentiary hearing is not required to resolve this motion, and each has filed a memorandum of law in support of its position.

**Analysis**

One can obtain United States citizenship only through birth or naturalization, and naturalization is available only through "strict compliance" with an Act of Congress. Bustamante-Barrera v. Gonzales, 447 F.3d 388, 394 (5th Cir. 2006)(quoting INS v. Pangilinan, 486 U.S. 875, 884 (1988)). The burden of proving citizenship rests with the person claiming it, and it is well-established that "[a]ll doubts 'should be resolved in favor of the United States and against the claimant.'" Bagot v. Ashcroft, 398 F.3d 252, 256-57 (3rd Cir. 2005)(quoting Berenyi v. INS, 385 U.S. 630, 637 (1967)).

Here, the defendant claims to be entitled to derivative citizenship pursuant to 8 U.S.C. §1432 (1994), which provides in relevant part:

> (a) A child born outside of the United States of alien parents...becomes a citizen of the United States upon fulfillment of the following conditions:
>
> ...
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of

> the parents...; and if
>
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
>
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of ... the parent naturalized under clause (2) or (3) of this subsection...

Id. (emphasis added).[2] For purposes of this motion, the only issue is whether Fernel and Maria were legally separated before Maria was naturalized and the defendant turned eighteen.

The statute does not define "legal separation," so this Court must look to federal case law to interpret its meaning. This Court also will consider relevant state law because there is "'no federal law of domestic relations.'" See Fierro v. Reno, 217 F.3d 1, 3-4 (1st Cir. 2000)(quoting De Sylva v. Ballentine, 351 U.S. 570, 580, 76 S.Ct. 974, 100 L.Ed. 1416 (1956)); see also Brissett v. Ashcroft, 363 F.3d 130, 133 (2nd Cir. 2004)("Where...there is no extant body of federal common law in the area of law implicated by the statute, we may use state law to inform our interpretation of the statutory language."); but see Nehme v. INS, 252 F.3d 415, 423-24 (5th Cir. 2001)("[W]e reject any contention that the law of any one state should govern the determination whether an alien child's parents were 'legally separated.'").

---

[2] Congress has since enacted the Child Citizenship Act of 2000, §103, Pub. L. No. 106-395, 114 Stat. 1631, which went into effect February 27, 2001. The current Act removed the "legal separation" requirement, but it does not apply retroactively.

Although the federal circuits are not in perfect harmony on what constitutes a "legal separation" under §1432(a), a common chord is the requirement that some "formal action" be taken to alter the status of the marriage. Morgan v. Attorney Gen. of the United States, 432 F.3d 226, 232 (3rd Cir. 2005). In the words of the Morgan court:

> a legal separation for purposes of §1432(a) occurs only upon a formal governmental action, such as a decree issued by a court of competent jurisdiction that, under the laws of a state or nation having jurisdiction over the marriage, alters the marital relationship of the parties.

Morgan, 432 F.3d at 234.

The Fifth Circuit requires that the "formal action" consist of "*judicial* alteration of the marital relationship." Nehme, 252 F.3d at 425-26 (emphasis in original). The Second Circuit, on the other hand, has said that *judicial* action is not required but it has held that:

> §1432(a)(3) requires a formal act which, under the laws of the state or nation having jurisdiction of the marriage, alters the marital relationship either by terminating the marriage (as by divorce), or by mandating or recognizing the separate existence of the marital parties.

Brissett, 363 F.3d at 134. In Brissett, the Court noted that "[a] contrary interpretation would render superfluous the provision's specification that the separation must be 'legal.'" Id.

In this case, there was no "formal" separation of the defendant's parents that altered the state of their marriage before Maria was naturalized and the defendant turned eighteen. Maria did

not file for divorce until November 5, 1998, and that was more than ten months after the defendant turned eighteen. Furthermore, the divorce did not become effective until May 3, 1999. Thus, although Fernel and Maria may have been physically separated in 1995 or 1996 because of Fernel's incarceration or otherwise, their separation did not result from and was not recognized by any formal governmental action.

The defendant argues that his parent's divorce should date back to November of 1995 because the divorce decree states that "[t]he parties separated in November of 1995." He cites to Rhode Island General Laws §15-5-3(a), which provides in part

> Whenever, in the trial of any petition for divorce from the bond of marriage or any petition for dissolution of a marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least three (3) years, whether voluntarily or involuntary, the court shall, upon a finding that the allegation is true, enter a judgment pending final judgment of divorce....

However, the defendant's reliance on this finding of fact is misplaced. The divorce decree refers to November of 1995 as the date the defendant's parents became physically separated, not the date they were legally separated. Moreover, the Family Court granted the divorce on the grounds of "irreconcilable differences," see R.I. Gen. Laws §15-5-3.1, and not on grounds of physical separation. See R.I. Gen. Laws §15-5-3(a).

**Conclusion**

For the foregoing reasons, the defendant is not entitled to derivative citizenship under 8 U.S.C. §1432(a), and his motion to dismiss the indictment is denied.

IT IS SO ORDERED,

Ernest C Torres

Ernest C. Torres
Senior United States District Judge

Date: April 26, 2007