**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 06-109T** |
| | ) | |
| **FERNEL TORRES** | ) | |

MOTION FOR SENTENCE CONSIDERATION

Now comes Fernel Torres, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, to comply with the mandates of 18 U.S.C. § 3553(a). Mr. Torres respectfully suggests that the Court should conclude that the advisory guideline calculations call for a sentence longer than what is necessary to comply with 18 U.S.C. § 3553(a). Mr. Torres proposes a sentence of twelve months of incarceration.

Respectfully submitted
Fernel Torres
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by ECF to Sandra Beckner, Assistant United States Attorney and Dennis Jenkins , SUSPO, on September 6, 2007.

/s/Mary S. McElroy, 4830

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 06-109T** |
| | ) | |
| **FERNEL TORRES** | ) | |

# DEFENDANT'S SENTENCING MEMORANDUM

## I. Introduction

Through counsel, Fernel Torres files the following Sentencing Memorandum setting forth the factors the Court should consider in determining the sentence that is "sufficient but no greater than necessary" to comply with the statutory directives of 18 U.S.C. § 3553(a). The Probation Department has prepared a Pre Sentence Investigation Report and determined that, pursuant to the guidelines, Mr. Torres should be sentenced within the range of eighteen to twenty four months. Mr. Torres does not contest the calculation of the guidelines in his case but requests that the court find that there are significant grounds for a sentence below the advisory guideline range. This Memorandum is submitted in support of Mr. Torres' motion for sentencing consideration advocating a sentence outside of the advisory guideline range.

## II. Sentencing Considerations

### A. The Law

In determining the appropriate sentence for a criminal defendant the court is bound to consider the sentencing factors set forth in 18 U.S.C. §3553(a). After taking all of those factors into account the court must impose a sentence that is "sufficient, but not greater than necessary" to achieve the goals and purposes of sentencing. 18 U.S.C. §3553(a)[1]. This provision, the so called

[1]The purposes of sentencing are set forth in 18 U.S.C. §3553 (a)(2), that statute provides that the court must consider;

the need for the sentence imposed-

"parsimony provision", is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose regardless of what is recommended by the advisory guidelines. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. *See also Rita v. United States,* No. 5754, 2007 U.S. Lexis 8269 (June 21, 2007). Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well" *Booker,* 543 U.S. at 245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case. However, the guidelines are *"generalizations* that can point to outcomes that may appear to be unreasonable to sentencing judges in particular cases[,]" *United States v. Jimenez-Beltre*, 440 F.3d 514 (1st Cir. 2006) (emphasis in original).

In the recent *Rita* decision the United States Supreme Court ruled that an appellate presumption that the guideline sentence is appropriate is permissible but such a presumption on the District Court level is not. *Rita,* 2007 U.S. Lexis 8269, at **16 and **25. The reasoning for the allowance of an appellate presumption is that the guidelines and the district court judge both would have separately come to the same conclusion about the appropriate sentence for the defendant.

---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
( C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

"[T]he presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Rita* at **17.

Such a presumption does not apply on the district court level. *Id. at **25.* The district court judge sentencing a defendant must, therefore, "calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 2007 U.S. App. LEXIS 15346, *11-12 (7th Cir. June 28, 2007) (interpreting *Rita).*

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

C. Criminal History

Mr. Torres' criminal history is not significant in that it neither shows him to be a danger to the community nor a candidate for recidivism. When he returned to the United States he did not return to illegal activity. He found a job, worked, and supported both himself and his family.

Further evidence of his rehabilitation is his positive reaction to his incarceration pending the disposition of this case. During the months that he has been housed at the Wyatt facility, Mr. Torres has been respectful and remains infraction free.

D. Nature of the Offense

Like most illegal re-entry cases, Mr. Torres came back to the United States to work, make money, and help support his family. In his case pressing medical issues and the extreme need of his very young child forced him to leave the a country where he had begun creating a life for himself.

There is no aggravating circumstance involved in his return. He found a job upon his return and maintained employment until his arrest. Mr. Torres did not return to destructive conduct.

E. Other Considerations

Mr. Torres will be deported after serving his sentence in this case. At the end of the sentence that this court imposes he will not be eligible for halfway house placement as a result of his illegal status. Finally he will likely remain in immigration custody after his sentence is served while awaiting deportation.

## III. The Minimally-Sufficient Sentence

The parsimony provision of 18 U.S.C. § 3553(a) imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a)(1). Those purposes including deterrence, punishment, respect for the law and rehabilitation. Mr. Torres requests the Court to consider a sentence below the advisory guideline range. The proposed sentence well achieves the goals of deterrence, incapacitation, and respect for the law, and Mr. Torre is not in need of rehabilitative services.

The advisory guideline only considers the fact of the present conviction and Mr. Torres' prior record. Additionally, the guideline for illegal re-entry, U.S.S.G. 2L1.2, double counts his prior record by basing an offense level enhancement on his prior conviction. While this double counting may be allowed under this particular guideline section, it does not create an advisory sentencing range that promotes respect for the law or provides for a fair and just punishment.

## IV. Conclusion

For all of these reasons, Mr. Torres asks the Court to impose a sentence of 12 months in prison with a period of supervised release to follow.

Respectfully submitted
Fernel Torres
By his attorney,

Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285

CERTIFICATION

I hereby certify that a copy of this motion was delivered by ECF to Sandra Beckner, Assistant United States Attorney and Dennis , SUSPO, on September 6, 2007.

Mary S. McElroy, 4830